ELECTRONICALLY FILED
2022 Jul 26 3:06 PM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT FOR THE THIRTIETH JUDICIAL DISTRICT OF TENNESSEE, AT MEMPHIS

90.7342

MARIKO SHARDELL JENKINS,

   Plaintiff,

vs.                                                    NO.

KROGER LIMITED PARTNERSHIP I,
THE KROGER CO. and JFE
FRANCHISING, INC. d/b/a SNOWFOX,

   Defendants.

### COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Mariko Shardell Jenkins, by and through the undersigned attorney and for cause of action against Kroger Limited Partnership I, The Kroger co. and JFE Franchising, Inc. d/b/a Snowfox would hereby show and state as follows:

### PARTIES

1.      Plaintiff, Mariko Shardell Jenkins is an adult resident citizen of Fayette County, Tennessee, residing in Memphis, Tennessee.

2.      Upon information and belief, Defendant, The Kroger Company, is a foreign for-profit corporation with a principal business address of 1014 Vine Street, Cincinnati, Ohio, 45202-1000 and is authorized to do business in the State of Tennessee. Defendant, The Kroger Company, may be served with process through its registered agent for service of process, Corporation Service Company, at the address of 2908 Poston Avenue, Nashville, Tennessee 37203-1312.


EXHIBIT
A

3.      Upon information and belief, Defendant, Kroger Limited Partnership I, is a foreign limited partnership with a principal business address of 1014 Vine Street, Cincinnati, Ohio, 45202 and is authorized to do business in the State of Tennessee.  Defendant, Kroger Limited Partnership I, may be served with process through its registered agent for service of process, Corporation Service Company, at the address of 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

4.      Upon information and belief, Defendants, The Kroger Company and/or Kroger Limited Partnership I, at all times material hereto owned, operated, controlled, managed and/or maintained the property located at 240 New Byhalia Road, Collierville, Shelby County, Tennessee 38017 and employed Plaintiff, Mariko Shardell Jenkins. This cause of action arises out of the acts and/or omissions of Defendants, The Kroger Company and/or Kroger Limited Partnership I, in the ownership, operation, management and control of the subject premises and its agents as well as the failure to protect its employee from a foreseeable risk of harm that was not a natural incident causally connected with his employment and, therefore, arose outside the course and scope of his employment.

5.      Upon information and belief, Defendants, The Kroger Company and/or Kroger Limited Partnership I, have employees, servants, agents and/or representatives who are responsible for maintaining a safe workplace at the Kroger Store located at 240 New Byhalia Road, Collierville, Memphis, Shelby County, Tennessee 38138 within the scope of their employment, apparent authority, agency or contract to act for and on behalf of Defendants, The Kroger Company and/or Kroger Limited Partnership I.   Defendants, The Kroger Company and/or Kroger Limited Partnership I, are legally responsible and vicariously liable for the negligence of their employees, servants, agents and/or representatives set forth herein under the doctrines of *respondeat superior* and/or agency.

2

6.     Upon information and belief, Defendant, JFE Franchising, Inc. d/b/a Snowfox, is a foreign corporation with a principal business address of 2021 Bingle Road, Houston, Texas 77055-1435 and is authorized to do business in the State of Tennessee.  Defendant, JFE Franchising, Inc. d/b/a Snowfox, may be served with process through its registered agent for service of process, Legal Inc. Corporate Services Inc., Chrome and Parts, Suite 389, 5865 Ridgeway Center Parkway, Memphis, Tennessee 38120-4032.

7.     Upon information and belief, Defendant, JFE Franchising, Inc. d/b/a Snowfox, at all times material hereto was the franchisor of a sushi business operating on the property located at 240 New Byhalia Road, Collierville, Shelby County, Tennessee 38017, and this cause of action arises out of the negligence on behalf of Defendant, JFE Franchising, Inc. d/b/a Snowfox, in the operation, control and management of the franchise business and its franchisee.

## JURISDICTION AND VENUE

8.     The Plaintiff's causes of action arise in tort as a result of injuries and damages sustained due to reckless, grossly negligent, outrageous and/or negligent conduct of Defendants. Defendants are subject to the jurisdiction of this Court pursuant to Tenn. Code Ann. §16-10-101.

9.     Venue is proper pursuant to Tenn. Code Ann. §20-4-101 in that the Defendants are either located in Shelby County, Tennessee or doing business in Shelby County, Tennessee.

10.    All wrongs complained of herein occurred in Shelby County, Tennessee and within one year preceding the filing of this action, and this Court has jurisdiction.

3

## FACTUAL ALLEGATIONS

11.     On or about, September 23, 2021, Mariko Shardell Jenkins (hereinafter "Plaintiff") was employed and about the business of Defendants The Kroger Limited Partnership I and/or The Kroger Co. (hereinafter "Kroger").

12.     On or about September 23, 2021, Uk Thang (hereinafter "Thang") upon information and belief, was the franchisee of JFE Franchising, Inc. d/b/a Snowfox (hereinafter "Snowfox").

13.     Upon information and belief, Kroger and Snowfox engaged in a joint venture and/or enterprise or, in the alternative, were principal and agent in a relationship wherein Snowfox would recruit, screen, train and otherwise support franchisees in conducting business on or about premises owned and operated by Kroger while Kroger would supervise, direct or otherwise control said franchisees conducting business at said locations.

14.     Upon information and belief, Thang had a history of anti-social, antagonistic, volatile, unstable, threatening and predictably dangerous behavior at all times pertinent hereto.

15.     Upon information and belief, Thang had history of confrontations and disagreements with other individuals including employees and agents of Kroger and its invitees. On the morning of the subject incident Thang was called into the manager's office as a result of one or more such incidents.

16.     Upon information and belief, after said meeting, Thang was terminated and asked to leave Kroger.  Thang responded angrily displaying great propensity to act violently and

dangerously.  Thang left the premises only after agents and/or employees of Kroger announced their intent to contact law enforcement for assistance.

17.     At all times pertinent hereto, all Defendants knew or should have known that Thang presented a danger.

18.     Upon information and belief, Thang returned to the subject Kroger store armed with three guns including two pistols and a full-length military style rifle as well as high-capacity magazines and substantial amounts of ammunition.  Armed and enraged, Thang approached the store and then entered it shooting customers and employees.

19.     Kroger stood in a special relationship with and owed a heightened duty to its invitees and employees to ensure that Thang did not harm them including but not limited to returning to the property and/or, once there and plainly armed for mayhem, failed to recognize the clear and present danger and act reasonably on the notice then and there existing to prevent him from entering the store and/or gaining access to employees or invitees for the purpose of doing harm.

20.     Upon information and belief, 15 people were injured, one of whom died.

21.     Plaintiff was one of the people shot and injured in this mass shooting.

22.     At no time did any Defendant warn of or otherwise take reasonable action to prevent Thang from causing or mitigating his ability to cause such harm when they had the means, ability and reasonable constructive and/or actual notice to do so.

## LIABILITY

23.     Kroger was guilty of the following acts of common law negligence, gross negligence and/or recklessness as that term is defined under Tennessee law, including but not limited to Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992), each and every one of which was a direct and proximate cause of the incident and injuries described herein:

      a.  Failure to provide adequate security measures at Kroger which would have deterred a mass shooting and would have protected Plaintiff and others similarly situated from the mass shooting.

      b.  Failure to act prudently considering the circumstances then and there existing to manage the situation and Thang properly but rather in such a manner that set into motion the sequence of events described herein ultimately causing harm to others.

      c.  Ignored foreseeable risks of harm specifically by not having adequate security measures in place when Kroger knew or should have known that Thang posed a specific threat of violence.

      d.  Failure to exercise reasonable care under the circumstances existing on or about September 23, 2021.

24.     Snowfox was guilty of the following acts of common law negligence, gross negligence and/or recklessness as that term is defined under Tennessee law, including but not limited to Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992), each and every one of which was a direct and proximate cause of the incident and injuries described herein:

      a.  Failure to adequately screen, investigate, oversee, evaluate or otherwise assess the character, propensities for violence, tendencies or other indications of the potential to cause harm of its franchisees and/or agents.

      b.  Failure to warn others of propensities for violence, tendencies or other indications of the potential to cause harm of its franchisees and/or agents of which it knew or should have known.

25.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered severe injuries, great emotional distress, pain and suffering, mental anguish, loss of income and loss of enjoyment of life.

## GROSS NEGLIGENCE

26.     Plaintiff alleges that Defendants acted with gross negligence and carelessness by failing to employ the degree of care, skill, and attention, as required of a reasonable and prudent person or business under the same or similar circumstances.

27.     As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered injury, great emotional distress, pain and suffering, mental anguish, loss of income and loss of enjoyment of life.

## NEGLIGENT HIRING

28.     Defendants by and through its agents, servants and employees, through investigation and background examination, knew or should have know of Thang's dangerous propensities as an unfit employee/franchisee.  Defendants failed to use reasonable care in investigating, recruiting, and hiring Thang and failed to provide adequate warning to Plaintiff.

29.     As a direct and proximate result of this negligent conduct, Plaintiff has sustained and continues to sustain the injuries and damages alleged herein.

## OUTRAGEOUS CONDUCT

30.     Additionally, Defendants through its employees, officers or agents were guilty of the following acts of outrageous conduct, which were direct and proximate causes of the injuries described herein:

7

a. Telling employees, joint venturers, agents, principals, contractors, business relations, and the public at large that safety was the Defendants' concern but flagrantly ignoring safety issues in the store that put Plaintiff and others like Plaintiff at risk of certain harm.

b. Allowing Thang to return to the store without an escort or to return at all and thereby putting employees and customers at risk.

c. Decreasing or non-existent security patrol which put Plaintiff and employees like Plaintiff at risk of certain harm.

d. Failing to properly train security and other agents/employess on security procedures which put Plaintiff and employees like Plaintiff at risk of certain harm.

31.     Plaintiff alleges that Defendants acted with extreme and outrageous conduct by failing to employ the degree of care, skill, and attention, as required of a reasonable person and prudent person or business under the same or similar circumstances. Defendants' conduct was intentional or reckless and so outrageous that it cannot be tolerated by a civilized society.

32.     Defendants' actions, inactions, and omissions with regard to deficiencies in security procedures and screening coupled with inadequate staffing was intentional and intentionally exposed and subjected Plaintiff and others similarly situated to Plaintiff to the unreasonable threat of intentional, certain injury, actual injury and criminal activity.

33.     As a result of Defendants' extreme and outrageous conduct, Plaintiff has suffered serious injury, loss of income and loss of enjoyment of life.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34.     The acts and omissions of Defendants alleged herein caused Plaintiff to suffer grievous injury and were so outrageous in character and extreme in degree as to constitute tortious intentional infliction of emotional distress. The acts of the Defendants were done with a reckless disregard of the probability of causing the distress. As a result of Defendants' extreme and

outrageous acts, Plaintiff has suffered great and severe emotional distress, pain and suffering, mental anguish, loss of income and loss of enjoyment of life.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35.     The negligent acts and omissions of Defendants alleged herein caused Plaintiff to suffer an emotional injury which was and is serious and severe.  As a result of Defendants' extreme and outrageous acts, Plaintiff has suffered great emotional distress, mental anguish, loss of income and loss of enjoyment of life.

## AGENCY, VICARIOUS LIABILITY, JOINT VENTURE AND ALTER EGO

36.     At all times material hereto, Kroger utilized and directed the services of its agent, Snowfox, and is, therefore, vicariously liable pursuant to the doctrine of *respondeat superior.*

37.     At all times material hereto, Kroger and Snowfox, operated the sushi business within the subject store as affiliated entities with a common purpose and singular business endeavor so intertwined that each is the alter ego of the other.

38.     At all times material hereto, Kroger and Snowfox integrated resources to achieve a common business purpose so as to constitute a single enterprise rendering each liable for the acts or omissions of the other pursuant to the single enterprise doctrine.

39.     At all times material hereto, Kroger and Snowfox participated in a joint venture acting in concert and exerting equal control of the venture such that each participant in the venture is liable for the acts or omissions of its fellow joint venturer pursuant to the doctrine of joint venture.

## PUNITIVE DAMAGES

40.     The actions and omissions of the Defendants as set forth herein, constitute intentional, malicious, outrageous and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

41.     Defendants' conduct was intentional, malicious, outrageous and/or reckless or, in the alternative, grossly negligent and, therefore, any judgment awarded should be punitive in nature.

## DAMAGES

42.     As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff sustained injuries which have required and continue to require medical attention. The injuries for which Plaintiff seeks compensation from Defendants include, but are not limited to:

a.     Physical and emotional pain and suffering of a past, present and future nature.

b.     Physical disfigurement.

c.     Medical bills and expenses of a past, present and future nature;

d.     Loss of enjoyment and quality of life;

e.     Lost wages and loss of earning capacity;

f.     Prejudgment and/or post-judgment interest to the extent permitted by law; and

g.     All such further relief, both general and specific, to which he may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the following relief:

1.      That the Defendants be served with process and required to answer this Complaint within thirty (30) days;

2.      Judgment for Plaintiff in an amount to be proven at trial not to exceed $5,000,000.00 Dollars for injuries and compensatory damages;

3.      Judgment for Plaintiff in an amount to be proven at trial not to exceed $5,000,000.00 Dollars for punitive damages.

4.      Court costs, litigation expenses, and reasonable attorney's fees as may be allowed by law; and,

5.      That Plaintiff be given such other further relief as the Court deems proper and just.

Respectfully submitted,

**McNABB, BRAGORGOS, BURGESS & SORIN, PLLC**

By: _____
JOHN P. WADE #22330
Attorney for Mariko Shardell Jenkins
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
jwade@mbbslaw.com

4

ELECTRONICALLY FILED
2022 Jul 26 3:06 PM
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
*FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS*

## SUMMONS IN CIVIL ACTION

Docket No. CT-3024-22, Div. III   ⊙ Lawsuit   ○ Divorce      Ad Damnum $ _____

| MARIKO SHARDELL JENKINS | VS | KROGER LIMITED PARTNERSHIP I, THE KROGER CO. and JFE FRANCHISING, INC. d/b/a SNOWFOX |
|---|---|---|

**F I L E D**
AUG 0 1 2022
CIRCUIT COURT CLERK
BY _____ D.C.

*Plaintiff(s)*      *Defendant(s)*

TO: (Name and Address of Defendant (One defendant per summons))

JFE FRANCHISING, INC. D/B/A SNOWFOX
LEGAL INC. CORPORATE SERVICES INC.,
CHROME AND PARTS, SUITE 389
5865 RIDGEWAY CENTER PARKWAY
MEMPHIS, TN 38120

**Method of Service:**
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
⊙ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on JOHN P. WADE      *Plaintiff's*

attorney, whose address is 81 MONROE, SIXTH FLOOR, MEMPHIS, TN 38103

telephone 901-624-0640      within THIRTY (30) DAYS after this summons has been served upon you, not including the day *of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.*

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

**EXHIBIT**
**B**
tabbies

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____27_____ day of _____July_____, 20__22__ at _1:11 p_ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____Cynthia Richmond Cadmin_____

at _____5865 Ridgway Center Pkwy_____

_Cynthia Richmond - Front Desk Admin_

X _C. Richmond_                                      By: _Gary Mugg Qui_
Signature of person accepting service               Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                          By: _____
                                               Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      MARIKO JENKINS VS KROGER LIMITED PARTNERSHIP I

**Case Number:**   CT-3024-22

**Type:**          SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 07/26/2022 03:29:00 PM

Gary Murphree, P.P.S.
2052 Young Avenue
Memphis, TN 38104
901-212-6602

## AFFIDAVIT OF SERVICE OF PROCESS

### STATE OF TENNESSEE
### COUNTY OF SHELBY
### CIRCUIT COURT

I, Gary Murphree, first being duly sworn, make oath as follows:  I have
personally served the document(s):

|  |  |
|---|---|
| Documents: | SUMMONS/COMPLAINT |
| Document Number: | CT-3024-22-III |
| Plaintiff(s) | Mariko Jenkins |
| Defendant(s): | JFE Franchising, Inc. d/b/a Snowfox Legal |

Inc. Corporate Services Inc. Chrome & Parts

|  |  |
|---|---|
| Subject(s): | Defendant |
| Date & Time of Service(s): | 7/27/22@1:11pm. |
| Address of Service(s): | 5865  Ridgeway Center Pkwy. |
| Manner of Service(s): | Cynitha Richmond (front desk admin) |

I have served  said document(s) in compliance with the laws of the State
of Tennessee and the rules of the court

I have further notified the defendant(s) that this matter is set for hearing
at
The place and time stated on the document(s).

_____
Private Process Server        B-411

Sworn to and subscribed before me this ___ 28 ___ day of ___ 7 ___ 2022

MY COMMISSION EXPIRES :

_____

ED SMITH
STATE
NOTARY PUBLIC
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. SEPT. 24, 2022

## IN THE CIRCUIT COURT FOR THE THIRTIETH JUDICAL DISTRICT OF TENNESSEE AT MEMPHIS

MARIKO SHARDELL JENKINS,

     Plaintiff,

VS.                                                  NO. CT-3024-22
                                                     DIV. III

KROGER LIMITED PARTNERSHIP I,
THE KROGER CO., and JFE FRANCHISING, INC.
d/b/a SNOWFOX

     Defendants.

## DEFENDANT JFE FRANCHISING, INC. D/B/A SNOWFOX'S NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW Defendant JFE Franchising, Inc. d/b/a Snowfox ("JFE") and hereby gives notice that pursuant to 28 U.S.C. § 1446 it has on August 25, 2022 filed with the Clerk of the United States District Court for the Western District of Tennessee, Western Division, a Notice of Removal of this action from the Circuit Court of Shelby County, Tennessee, Case No. CT-3024-22; Div. III, to the United States District Court for the Western District of Tennessee, Western Division. A copy of said Notice of Removal is attached hereto as Exhibit A.

Please take further notice that, pursuant to 28 U.S.C. § 1446(d), this Honorable Court "shall proceed no further unless and until the case is remanded."

1


EXHIBIT
C

Respectfully Submitted,

ALLEN, SUMMERS, SIMPSON,
LILLIE & GRESHAM, PLLC

KIRK A. CARAWAY     (#18578)
*Attorneys for Defendant, JFE Franchising, Inc.*
80 Monroe Avenue, Suite 650
Memphis, Tennessee 38103
(901) 763-4200

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was forwarded, via U.S. Mail, postage prepaid to

John P. Wade
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
*Attorney for Plaintiff*

The Kroger Co.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

Kroger Limited Patnership I
c/o Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203

on this 25th day of August, 2022.

Kirk A. Caraway

2

ELECTRONICALLY FILED
2022 Aug 23 3:22 PM
CLERK OF COURT - CIRCUIT
ELECTRONICALLY FILED
2022 Jul 26 3:08 PM
CLERK OF COURT - CIRCUIT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-3024-22, Div. III   ● Lawsuit   ○ Divorce   Ad Damnum $

| MARIKO SHARDELL JENKINS | | KROGER LIMITED PARTNERSHIP I, THE KROGER CO. and JFE FRANCHISING, INC. d/b/a SNOWFOX |
|---|---|---|
| Plaintiff(s) | VS | Defendant(s) |

TO (Name and Address of Defendant (One defendant per summons))

KROGER LIMITED PARTNERSHIP I
SERVE THROUGH REGISTERED AGENT
CORPORATION SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203-1312

Method of Service
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other
$-Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on JOHN P. WADE   Plaintiff's attorney, whose address is 81 MONROE, SIXTH FLOOR, MEMPHIS, TN 38103 telephone 901-624-0640   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____ By _____ D.C.

### TO THE DEFENDANT

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice.
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee certify this to be a true and accurate copy as filed this ___ day of _____, 20___.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____ D.C.

EXHIBIT D

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the 2nd day of August 20 22 at _____ M, a copy of the summons

and a copy of the Complaint to the following Defendant Kroger Limited Partnership c/o Corporation

Service Company at 2908 Poston Avenue, Nashville, TN 37203 via Certified Mail

Receipt No. 7015 1520 0000 8251 0890

By _____

_____     Sheriff or other authorized person to serve process
Signature of person accepting service

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ 20_____.

By _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**     MARIKO JENKINS VS KROGER LIMITED PARTNERSHIP I

**Case Number:**    CT-3024-22

**Type:**     SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 07/26/2022 03:29:00 PM

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kroger Limited Partnership I
Corporation Service Co.
2908 Poston Avenue
Nashville, TN 37203.

9590 9402 6721 1060 2665 79

2. Article Number *(Transfer from service label)*

7015 1520 0000 8251 0890

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   □ Agent   □ Addres

B. Received by *(Printed Name)*   C. Date of Deliv

8-2-22

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Mail Restricted Delivery
    (10)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restric Delivery
□ Signature Confirmation
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receip



7015 1520 0000 8251 0890

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee  $

Extra Services & Fees *(check box, add fee as appropriate)*
□ Return Receipt (hardcopy)   $
□ Return Receipt (electronic)   $
□ Certified Mail Restricted Delivery   $
□ Adult Signature Required   $
□ Adult Signature Restricted Delivery $

Postage   $

Total Postage and Fees  $

Postmark
Here

Sent To  Kroger Limited Partnership I Service Co.
Street and Apt. No., or PO Box No. 2908 Poston Avenue
City, State, ZIP+4®  Nashville, TN 37203-1312

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

ELECTRONICALLY FILED
2022 Aug 23 3:22 PM
CLERK OF COURT - CIRCUIT
2022 Jul 26 3:06 PM
CLERK OF COURT - CIRCUIT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-3004-22, Div. III        ⊙ Lawsuit    ○ Divorce

Ad Damnum $ _____

| MARIKO SHARDELL JENKINS | VS | KROGER LIMITED PARTNERSHIP I, THE KROGER CO. and JFE FRANCHISING, INC. d/b/a SNOWFOX |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons)):

THE KROGER COMPANY
SERVE THROUGH REGISTERED AGENT
CORPORATION SERVICE COMPANY
2908 POSTON AVENUE
NASHVILLE, TN 37203-1312

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance (S)
○ Secretary of State (S)
○ Other TN County Sheriff ($)
⊙ Private Process Server
○ Other

$ Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on JOHN P. WADE                                    Plaintiff's

attorney, whose address is 81 MONROE, SIXTH FLOOR, MEMPHIS, TN 38103

telephone 901-624-0640                within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____     By _____ D.C.

### TO THE DEFENDANT

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY CALL (901) 222-2341

TEMIIKA D. GIPSON / W. AARON HALL  Clerk of the Court, Shelby County, Tennessee certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By _____ D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___2nd___ day of _August_ _____ 2022 at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _The Kroger Company; cb Corporation Service Co._

at _2908 Poston Avenue, Nashville, TN. 37203 via Certified Mail_
_7015 1520 0000 8251 8753_

By: _____

_____          Sheriff or other authorized person to serve process
Signature of person accepting service

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s) _____

This _____ day of _____ 20 _____

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        MARIKO JENKINS VS KROGER LIMITED PARTNERSHIP I

**Case Number:**    CT-3024-22

**Type:**                  SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 07/26/2022 03:29:00 PM



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Kroger Company
C/O Litigation Services
1035 Poston Avenue
Nashville, TN 37208-1320

9590 9402 6721 1060 2665 62

2. Article Number (Transfer from service label)

7015 1520 0000 8251 0753

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
                                        8-1-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt