# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH ASHE and LINDA ASHE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:22-cv-02731-JTF-cgc |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| THE KROGER CO., and JFE | ) | |
| FRANCHISING, INC., d/b/a SNOW FOX | ) | |
| SUSHI, | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| MARIKO SHARDELL JENKINS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | No. 2:22-cv-02556-JTF-cgc |
| THE KROGER CO., and JFE | ) | |
| FRANCHISING, INC., d/b/a/ SNOW FOX | ) | |
| SUSHI, | ) | |
| | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| LINDA ARCHIBALD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | No. 2:22-cv-02752-JTF-tmp |
| THE KROGER CO., and JFE | ) | |
| FRANCHISING, INC. d/b/a/ SNOWFOX | ) | |
| SUSHI, | ) | |
| | ) | |
|     Defendants. | ) | |

### ORDER GRANTING DEFENDANTS' UNOPPOSED JOINT MOTION TO CONSOLIDATE FOR PRE-TRIAL PURPOSES

Before the Court is the Defendants' Unopposed Motion Joint Motion to Consolidate for Pre-Trial Purposes. (ECF No. 22.) For good cause shown, the Court finds the motion to be well-taken and hereby **GRANTS** the motion.

### I.   BACKGROUND

All of the present cases arise from a mass shooting that occurred at Kroger store in Collierville, Tennessee, on September 23, 2021. Active shooter Uk Thang, a person at one time employed by Kroger, entered the store and opened fire inside, wounding and killing many. Each of the present cases asserts theories of negligence against Kroger related to the security measures within the store and Thang's employment by the Defendants. Of the three cases (*Ashe*, *Jenkins*, and *Archibald*), *Jenkins* and *Archibald* are brought by Kroger employees while *Ashe* is brought by customers within the store at the time of the shooting. There is a fourth case related to these facts also before the Court, *Fernald v. JFE Franchising, Inc.*, Case No. 2:22-cv-02761-JTF-cgc, (W.D. Tenn. Nov. 3, 2022), but it is brought against a separate defendant and not the subject of this Order.

In a status conference held on November 9, 2022, in the *Jenkins* case, the Court indicated a willingness to potential consolidate the three above actions in order to subject all to the same scheduling order, given their factual similarities and overlapping defendants. *Jenkins* (ECF No. 25.) The Court then set a scheduling conference in all three cases for February 21, 2023. The Court indicated that it would take up the issue of consolidation were the Defendants to file such a motion.

### II.   LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 42 allows the Court to consolidate actions that involve "common questions of law or fact." Consolidation is designed "to promote economy in the

administration of justice." *Guild Assocs. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 439 (S.D. Ohio 2015). The court "enjoys a broad discretion in determining whether or not consolidation is proper[.]" *Young v. Hamric*, No. 07-12368, 2008 WL 2338606, at *4 (E.D. Mich. Jun. 4, 2008) (citing *Johnson v. Cellotex Corp.*, 899 F.2d 1281, 1284-85 (2nd Cir. 1990)). However, the party bringing the motion to consolidate still bears the burden of demonstrating the commonalities between the cases. *Id.*

The similarities between the present cases are great, while their differences are minor. All of the cases arise out of the same tragic underlying events and involve claims of negligence. The discovery and legal defenses across the cases are likely to be extremely similar and consolidating the cases for pre-trial purposes would allow greater coordination among the parties and a streamlined discovery process that would promote judicial economy and prevent duplicative efforts. *See McNeil v. Memphis Police Ass'n, Inc.* No. 07-2166, 2008 WL 2402530, at *2 (W.D. Tenn. Jun. 11, 2008). While two of the cases assert additional tort claims on top of negligence, the presence of additional claims does not overcome the identical nature of the facts those claims arise from. It is clear common questions of both law and fact exist among all three cases. Further, the Plaintiffs do not oppose the Motion and agree consolidation at the pre-trial stage will benefit all cases. Accordingly, the Court finds that consolidation is warranted and **GRANTS** the Motion.

### III. CONCLUSION

With the Motion granted, all three cases shall now be present at the same scheduling conference on February 21, 2023. At that time, the Court will issue a consolidated Scheduling Order for all three cases that will allow all parties to follow one clear timeline in the progression of the case.

**IT IS SO ORDERED** this 16th day of December, 2022.

*s/John T. Fowlkes, Jr.*
**JOHN T. FOWLKES, JR.**
**UNITED STATES DISTRICT JUDGE**